```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA            :
                                    :   INDICTMENT
            -v-                     :
                                    :   S1 07 Cr.
MIGUEL GUERRERO,                    :
   a/k/a "Luis Noel Torres Rosa,"   :
   a/k/a "Jose Melo,"               :
   a/k/a "Papi,"                    :
   a/k/a "Tio,"                     :
   a/k/a "Carlos,"                  :
REUBEN ALVAREZ,                     :
   a/k/a "Dae,"                     :
   a/k/a "Estos Brown,"             :
ALFRED GLOVER,                      :
   a/k/a "James,"                   :
   a/k/a "Broadway," and            :
DOUGLAS BOND,                       :
   a/k/a "Moe,"                     :
                                    :
            Defendants.             :
                                    :
- - - - - - - - - - - - - - - - - - x
```



## COUNT ONE

The Grand Jury charges:

1.  From at least in or about September 2005 through and including in or about December 2006, in the Southern District of New York and elsewhere, MIGUEL GUERRERO, a/k/a "Luis Noel Torres Rosa," a/k/a "Jose Melo," a/k/a "Papi," a/k/a "Tio," a/k/a "Carlos," REUBEN ALVAREZ, a/k/a "Dae," a/k/a "Estos Brown," ALFRED GLOVER, a/k/a "James," a/k/a "Broadway," and DOUGLAS BOND, a/k/a "Moe," the defendants, and others known and unknown,

unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

    2. It was a part and an object of the conspiracy that MIGUEL GUERRERO, a/k/a "Luis Noel Torres Rosa," a/k/a "Jose Melo," a/k/a "Papi," a/k/a "Tio," a/k/a "Carlos," REUBEN ALVAREZ, a/k/a "Dae," a/k/a "Estos Brown," ALFRED GLOVER, a/k/a "James," a/k/a "Broadway," and DOUGLAS BOND, a/k/a "Moe," the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

    3. It was a further part and an object of the conspiracy that REUBEN ALVAREZ, a/k/a "Dae," a/k/a "Estos Brown," and ALFRED GLOVER, a/k/a "James," a/k/a "Broadway," the defendants, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United

States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

<u>Overt Acts</u>

4. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about September 29, 2005, REUBEN ALVAREZ, a/k/a "Dae," a/k/a "Estos Brown," the defendant, in Albany, New York, provided a confidential informant working under the supervision of law enforcement (the "CS") approximately 50 grams of crack cocaine and 100 grams of cocaine.

b. On or about October 7, 2005, in Albany, New York, the CS delivered to ALFRED GLOVER, a/k/a "James," a/k/a "Broadway," approximately $1,250 in United States currency for the crack cocaine provided by ALVAREZ on or about September 29, 2005.

c. On or about October 27, 2005, ALVAREZ provided approximately 100 grams of cocaine to the CS.

d. On or about January 10, 2006, ALVAREZ spoke by telephone with MIGUEL GUERRERO, a/k/a "Luis Noel Torres Rosa," a/k/a "Jose Melo," a/k/a "Papi," a/k/a "Tio," a/k/a "Carlos," the defendant, regarding the payment of a narcotics debt.

3

   e. On or about January 10, 2006, in Yonkers, New York, GLOVER possessed approximately $12,600 in United States currency.

   f. On or about February 1, 2006, ALVAREZ instructed the CS to contact DOUGLAS BOND, a/k/a "Moe," the defendant.

   g. On or about February 2, 2006, in Bronx, New York, BOND provided approximately 100 grams of cocaine to the CS.

   h. On or about September 27, 2006, in Buffalo, New York, GUERRERO purchased a pickup truck (the "Pickup Truck").

   i. On or about September 28, 2006, GUERRERO brought the Pickup Truck to a location in the Bronx, New York, for the purpose of getting a trap, or hidden compartment, installed in it.

   j. On or about October 4, 2006, GUERRERO spoke by telephone to ALVAREZ regarding the Pickup Truck.

(Title 21, United States Code, Section 846.)

### Forfeiture Allegation

5. As a result of committing the controlled substance offense alleged in Count One of this Indictment, MIGUEL GUERRERO, a/k/a "Luis Noel Torres Rosa," a/k/a "Jose Melo," a/k/a "Papi,"

4

a/k/a "Tio," a/k/a "Carlos," REUBEN ALVAREZ, a/k/a "Dae," a/k/a "Estos Brown," ALFRED GLOVER, a/k/a "James," a/k/a "Broadway," and DOUGLAS BOND, a/k/a "Moe," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this Indictment.

### Substitute Asset Provision

6.  If any of the above-described forfeitable property, as a result of any act or omission of MIGUEL GUERRERO, a/k/a "Luis Noel Torres Rosa," a/k/a "Jose Melo," a/k/a "Papi," a/k/a "Tio," a/k/a "Carlos," REUBEN ALVAREZ, a/k/a "Dae," a/k/a "Estos Brown," ALFRED GLOVER, a/k/a "James," a/k/a "Broadway," and DOUGLAS BOND, a/k/a "Moe," the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value;

or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of MIGUEL GUERRERO, a/k/a "Luis Noel Torres Rosa," a/k/a "Jose Melo," a/k/a "Papi," a/k/a "Tio," a/k/a "Carlos," REUBEN ALVAREZ, a/k/a "Dae," a/k/a "Estos Brown," ALFRED GLOVER, a/k/a "James," a/k/a "Broadway," and DOUGLAS BOND, a/k/a "Moe," the defendants, up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MIGUEL GUERRERO,
a/k/a "Luis Noel Torres Rosa,"
a/k/a "Jose Melo,"
a/k/a "Papi,"
a/k/a "Tio,"
a/k/a "Carlos,"
REUBEN ALVAREZ,
a/k/a "Dae,"
a/k/a "Estos Brown,"
ALFRED GLOVER,
a/k/a "James,"
a/k/a "Broadway," and
DOUGLAS BOND,
a/k/a "Moe,"

Defendants.

**INDICTMENT**

S1 07 Cr.

(Title 21, United States Code, Section 846)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

Superseding (S1) filed